DIXON, Justice.*
Plaintiff, formerly employed by the Louisiana State Police, was a member of the State Police Retirement System from December 1, 1948 until March 31, 1951. Upon his resignation in May, 1951, he withdrew the funds he had contributed to the Police System ($108.60). Plaintiff became employed by the East Baton Rouge Parish Sheriff’s Office in 1962, and since that time he has paid into the Sheriff’s Pension & Relief Fund all contributions which he was obligated to pay.
On March 3, 1975 plaintiff wrote to the Sheriff’s Fund requesting that his service credit with the State Police be transferred to the Sheriff’s Fund pursuant to R.S. 42:697 amended by Act 46 of 1972 which provided:
“The following provisions shall apply to transfers between state, municipal or parochial retirement systems:
A. A member of any state, municipal or parochial retirement system shall have the option of transferring retirement service credit to any other state, municipal or parochial retirement system for which he meets eligibility requirements for membership, upon approval of both boards of trustees to such transfer and in accordance with the provisions of this section, provided that transfers under the provisions of this section shall involve service credit only.
B. The service credit transferred under the provisions of this section together with all future service credit earned by the member shall be used as creditable service for regular retirement, disability retirement and survivor’s benefits for eligibility in all systems.
C. The board of trustees of the retirement system making the transfer shall certify to the board of trustees of the retirement system accepting the transfer that it will pay its proportionate share of any future service or regular retirement, disability retirement or survivor’s benefits earned by the transferring member.
D. Each of the retirement systems shall retain and maintain all contributions and liabilities for service performed by the transferring member while in that retirement system. The retirement system making the transfer shall issue a statement of service listing the transferred member’s creditable service to the retirement system accepting the transfer.
*401 E. To be eligible for survivor’s benefits, disability or regular retirement in each system, the transferred member must meet the eligibility requirements of each system. A member may meet the eligibility requirements in one system and begin drawing benefits from that system even though he is not at that time eligible for benefits from the other system; provided, however, that the member shall not be eligible to receive benefits for so long as he is contributing to either system.
F. Upon retirement, the regular retirement, disability retirement or survivor’s benefits of a member transferred under the provisions of this section shall be separately computed by each retirement system in which he has eligibility, based upon his service in each system and computed under the formula and reported earnings for each system.
G. The proportionate share of an additional or supplemental benefit provided by a system shall be paid by that system, based upon years of service in that system in proportion to the total service credit in all systems.
H. Each retirement system in which the member has service credit earned while a member of each system shall pay its proportionate share of the monthly benefit in a manner agreed upon by both boards of trustees, provided the member is eligible for benefits in both systems.
I. The proportionate share to be paid by each system shall be based on the ratio of service actually performed while a member of that system to the total service credited to the member at the time he begins drawing a benefit.
J. Each board of trustees shall have the right to negotiate transfers between systems or to enter into transfer agreements with other retirement systems to effect such transfers, to modify or terminate a transfer agreement to comply with any future acts of the legislature, or to reflect the board’s policy which is in compliance with acts of the legislature, and to adopt such rules and regulations as are necessary to carry out the provisions and intent of this section.”
On April 8, 1975 the Sheriff’s Fund replied that it would accept a transfer of plaintiff’s service with the State Police, but declined responsibility for benefits because of State Police service. Plaintiff then wrote the Police System seeking advice on how he should best repay his refund and complete the transfer in accordance with R.S. 42:697.2 amended by Act 47 of 1972, which provided:
“A member of any state, parochial or municipal retirement system having two years’ credit in said system shall have the right to repay a refund from any other state, parochial or municipal retirement system. Each board of trustees shall have the right to negotiate the manner in which repayment shall be made, the amount of interest, if any, to be paid, and the method by which the refunded service shall be reestablished and transferred.”
Plaintiff testified that the Police System replied that plaintiff should pay the refund to the Sheriff’s Fund and not to the Police System. Plaintiff, not knowing what action to take, did nothing until November 17, 1976 when he personally appeared at the office of the Sheriff’s Fund to renew his request to repay the refund to the Police System and to have a transfer completed from the Police System to the Sheriff’s Fund. At that time R.S. 42:697 had been amended by Act 548 of 1975 which provided:
“A. Any member of any state, municipal, or parochial public retirement system shall have the option of transferring to any other state, municipal, or parochial public retirement system for which his employment makes him eligible for membership, upon approval of both boards of trustees.
B. In addition to credit for service which the law governing the system to which he transfers provides that he shall be entitled to receive in the system to which he transfers, the transferring member shall receive credit in the system to which he transfers for all service ren *402 dered by him, whether regular service, prior service, military service, or other service, for which he had credit in the system from which he transferred. He shall receive this credit notwithstanding that under the law governing the system to which he transfers he is ineligible to receive credit for any or all of the service rendered, except as provided in Section E below.
C. The system from which the member transfers shall transfer to the system to which he transfers all employee contributions, employer contributions, or other funds, which the employee or employer has contributed or which actuarially figuring stands to or for the credit of the transferring member.
D. After the date on which the transfer is completed the system from which the member transfers shall have no liability whatsoever with respect to the transferring member, and the system to which he transfers shall assume all liability with respect to him.
E. A transferred member must comply with the requirements of the system which has the highest age and,years of service requirements to be eligible for a retirement benefit whether these requirements by those of the system from which he transferred or those of the system or systems to which he transferred. If employee or employer contributions being transferred are less than the contributions that would have been payable had the same earnings occurred as a member of the new system, the member must pay the difference plus five percent interest per annum.
In addition, each board of trustees shall adopt such rules and regulations, not in conflict herewith, as are necessary to carry out the provisions and intent of this Section and, also, to prevent any duplication of retirement credit for any service.”
The Sheriff’s Fund refused plaintiff’s request, apparently reasoning that the transfers provided for in the statute were not mandatory, but were discretionary.
Plaintiff then, in April, 1978, filed a petition for writ of mandamus asking that the Police System be ordered to accept his repayment of his refund received in 1951, plus appropriate interest; that the Police System be ordered to transfer such funds to the Sheriff’s Fund and that the Sheriff’s Fund be ordered to receive the funds and credit plaintiff with his years of service with the State Police. The district court granted plaintiff the relief he requested and the Sheriff’s Fund appealed. The Court - of Appeal reversed, holding that, since R.S. 42:697(C) had been amended in 1976, there was no statutory authority for the Sheriff’s Fund to accept the funds from the Police System. Act 416 of 1976 amended R.S. 42:697 and 697.2 to provide in pertinent part:
“A. A contributing member of any state, municipal, or parochial retirement system who has been a member of such system for at least three years,[1] and who has membership service credit in any other state, municipal, or parochial retirement system of at least three years, shall have the option of combining all service for which he has credit in every such retirement system in order that eligibility for regular retirement, disability retirement, and survivor’s benefits, may be acquired, subject to the limitations of this Section.
B. To exercise such option, a member, within one year, shall make application to the system in which he is applying for membership. The application shall contain the name of all other retirement systems in which he claims membership service credit and any other necessary information. When the system receives the application it shall forward a copy thereof to each other retirement system in which the member claims credit. Each such application shall contain such information as is mutually agreed upon by the *403 retirement systems involved. Each retirement system receiving the application shall certify to each other retirement system in which the member claims membership service credit the official membership service credit in that retirement ■system, including specific dates of such service.
C. Each of the retirement systems shall keep and retain complete, permanent records on each member, and also shall retain and maintain all contributions and liabilities for service performed by the member in that retirement system.-
D. Eligibility for disability or regular retirement, or for survivor’s benefits, shall require the member to meet the highest age and years of service requirements of each system in which he has membership service credit; however, service in any one system sufficient to meet the eligibility requirements of that system shall qualify the member for benefits from that system, but, for the purposes of benefits under this Section, no member shall be eligible to receive benefits from any system so long as he is contributing to another system. R.S. 42:697.
“For purposes of R.S. 42:697, a member of any state, municipal, or parochial retirement system having credit for at least three years in any such system may repay a refund, plus five percent compounded interest thereon from date of refund until paid, to any other state, parochial, or municipal retirement system involving at least three years of credited service, in order to reestablish such credited service.” R.S. 42:697.2.
Act 416 of 1976 (amending R.S. 42:697) was not applicable; plaintiff applied for a transfer prior to the effective date of the 1976 amendment (January 1, 1977). Plaintiff first attempted to effectuate a transfer from the Police System to the Sheriff’s Fund on March 3, 1975. His request for the transfer should have been granted and completed, since Acts 46 and 47 of 1972 amending R.S. 42:697 and 697.2 governed plaintiff’s rights at that time. R.S. 42:697.2 provided that a member of a state retirement system having two years credit (which plaintiff had) shall have the right to repay a refund from any other state retirement system. Although R.S. 42:697(A) contains the phrase “upon approval of both boards of trustees” to such transfer, the effective statutes, construed as a whole, do not make the transfer of service credit optional with the retirement systems. The retirement system making the transfer must certify to the other system that it will pay its proportionate share of future benefits. (R.S. 42:697(C), (F), (G), (H), (I).) The use of the word “shall” in both statutes indicates that plaintiff had an absolute right to repay his refund and to effectuate a transfer of his service credit from the Police System to the Sheriff’s Fund. The language “upon approval of both boards of trustees” does not give the boards of trustees the power to prevent such a transfer; the words merely refer to the discretionary power of the boards of trustees to work out the details of such a transfer, such as the manner in which repayment would be made, the amount of interest and the method by which the service credit would be transferred.
Therefore, a person meeting the eligibility requirements who applied for a transfer under the 1972 amendment should have been allowed to complete such a transfer, in view of the fact that the transfer was at the option of the member of the retirement system and not at the option of the boards of trustees of the retirement systems. Plaintiff’s right to transfer his service credit is governed by the law in effect when he attempted the transfer in March, 1975.
The trial judge held that Act 548 of 1975 applied, because it was in effect when he made his demand (one of them) of the Sheriff’s Fund. We find Act 548 of 1975 had no application, and that the act in effect in April, 1975 when plaintiff exercised his option to repay the refund and transfer his benefits to the Sheriff’s Fund was R.S. 42:697 and 697.2, as amended by Acts 46 and 47 of 1972. (But when the suit was filed (September 5, 1978), Act 344 of 1978 had been enacted, effective September *404 8, 1978, again amending R.S. 42:697). The administrative provisions governing the relationship between the retirement systems involved in the transfer of service credits were obviously intended to govern those relationships when they became effective, especially when the rights of others are not adversely affected. This legislative intent is reflected in R.S. 42:697(J), first enacted in 1976 in Act 416, which gives the boards of trustees the right to change any transfer agreements made With other systems “where necessary to comply with this or any future law . . ”
Therefore, the trial judge was incorrect in applying the 1975 act and ordering the Police System to transfer the funds (the repayment by plaintiff to the Police System of his contributions which he had withdrawn) to the Sheriff’s Fund. The Court of Appeal correctly ruled on this point.
But the Police System did not appeal from the ruling of the trial court and the judgment against it became final. The Court of Appeal, nevertheless, held that the judgment ordering the Police System to transfer the funds to the Sheriff’s Fund “cannot be performed.” In spite of serious doubt as to the correctness of such ruling, we need not correct it. The Police System, even though it did not appeal the district court judgment, filed a brief there and here, and seems to acquiesce in the ruling.
Therefore, plaintiff can now repay the refund to the Police System and have his service credit transferred to the Sheriff’s Fund.[2]
For the reasons assigned, it is ordered that the Board of Trustees of the State Police Retirement System allow plaintiff to repay to the State Police Retirement System the sum which he withdrew in 1951, plus appropriate interest, and the State Police Retirement System shall trapsfer to the Sheriff’s Pension & Relief Fund plaintiff’s service credit in accordance with R.S. 42:967 and 967.2 amended by Acts 46 and 47 of 1972; costs to be borne by defendants.

 Honorable Jesse N. Stone, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of Tate, J.

. Acts 1978, No. 344, § 1 amended R.S.42:697(A) by substituting “eighteen months” for “three years.”

. R.S. 42:697, amended by Act 46 of 1972, in effect when plaintiff first attempted to transfer his service credit on March 3, 1975, governs plaintiffs transfer. Act 46 of 1972 and Act 416 of 1976. Accordingly, the Board of Trustees of the State Police Retirement System should certify to the Board of Trustees of the Sheriffs Pension & Relief Fund that it will pay its proportionate share of any future service or retirement earned by plaintiff: each of the retirement systems should retain all contributions and liabilities for service performed by plaintiff while in that system. These provisions were in effect in the statutes at all times involved in this case except for the short lifetime — a year and three months — of Act 548 of 1975.